EARLE C. EMERY AND LEWIS EMERY, EXECUTORS, ESTATE OF LEWIS EMERY, JR., PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9766.  Promulgated November 25, 1927.

*James Walton, Esq., Clarence A. Miller, Esq.,* and *J. M. Cumming, C. P. A.,* for the petitioners.
*Orris Bennett, Esq.,* for the respondent.

332

OPINION.

SMITH: The petitioners herein, treating the notice addressed to the decedent by the Commissioner under date of October 21, 1925, as a deficiency notice, appealed to this Board on December 8, 1925, from the deficiency found by the Commissioner for the year 1917. The Board has jurisdiction of the appeal by virtue of section 283(f) of the Revenue Act of 1926. No question is raised as to the jurisdiction of the Board with reference to the deficiency determined for the year 1920 which was communicated to the petitioners in a deficiency notice dated October 21, 1925.

The petitioners admit the correctness of the deficiency determined for the year 1920. They further contend that there is no deficiency for the year 1917 but choose to rest their defense with reference to the deficiency upon the statute of limitations.

Section 250(d) of the Revenue Act of 1921 provides:

The amount of income, excess-profits, or war-profits taxes due under any return made under this Act for the taxable year 1921 or succeeding taxable years shall be determined and assessed by the Commissioner within four years after the return was filed, and the amount of any such taxes due under any return made under this Act for prior taxable years or under prior income, excess-profits, or war-profits tax Acts, or under section 38 of the Act entitled "An Act to provide revenue, equalize duties, and encourage the industries of the United States, and for other purposes," approved August 5, 1909, shall be determined and assessed within five years after the return was filed, unless both the Commissioner and the taxpayer consent in writing to a later determination, assessment, and collection of the tax; and no suit or proceeding for the collection of any such taxes due under this Act or under prior income, excess-profits, or war-profits tax Acts, or of any taxes due under section 38 of such Act of August 5, 1909, shall be begun, after the expiration of five years after the date when such return was filed, but this shall not affect suits or proceedings begun at the time of the passage of this Act: *Provided*, That in the case of

income received during the lifetime of a decedent, all taxes due thereon shall be determined and assessed by the Commissioner within one year after written request therefor by the executor, administrator, or other fiduciary representing the estate of such decedent: *Provided further*, That in the case of a false or fraudulent return with intent to evade tax, or a failure to file a required return, the amount of tax due may be determined, assessed, and collected, and a suit or proceeding for the collection of such amount may be begun, at any time after it becomes due: *Provided further*, That in cases coming within the scope of paragraph (9) of subdivision (a) of section 214, or of paragraph (8) of subdivision (a) of section 234, or in cases of final settlement of losses and other deductions tentatively allowed by the Commissioner pending a determination of the exact amount deductible, the amount of tax or deficiency in tax due may be determined, assessed, and collected at any time; but prior to the assessment thereof the taxpayer shall be notified and given a period of not less than thirty days in which to file an appeal and be heard as hereinafter provided in this subdivision.

If upon examination of a return made under the Revenue Act of 1916, the Revenue Act of 1917, the Revenue Act of 1918, or this Act, a tax or a deficiency in tax is discovered, the taxpayer shall be notified thereof and given a period of not less than thirty days after such notice is sent by registered mail in which to file an appeal and show cause or reason why the tax or deficiency should not be paid. Opportunity for hearing shall be granted and a final decision thereon shall be made as quickly as practicable. Any tax or deficiency in tax then determined to be due shall be assessed and paid, together with the penalty and interest, if any, applicable thereto, within ten days after notice and demand by the collector as hereinafter provided, and in such cases no claim in abatement of the amount so assessed shall be entertained: *Provided*, That in cases where the Commissioner believes that the collection of the amount due will be jeopardized by such delay he may make the assessment without giving such notice or awaiting the conclusion of such hearing.

This provision of the law was before the Supreme Court of the United States in *Bowers* v. *New York & Albany Lighterage Co.*, 273 U. S. 346. One question in that case was whether distraint was a " proceeding" within the purview of the above quoted section 250(d) of the 1921 Act. The court held that it was and that *collection* was barred 5 years after the date the return was filed even though the taxes were duly assessed within the five-year period provided. The principle laid down in the *New York & Albany Lighterage Co.* case, *supra*, has been followed in *Thornhill Wagon Co.* v. *Noel*, 17 Fed. (2d) 407; *Ehrlich* v. *Nichols Co.* (U. S. D. C. Mass.), decided March 4, 1927. A question similar to the one involved herein was before the Board in *Ocean Accident & Guarantee Corporation, Ltd.*, 6 B. T. A. 1045, and in *Reliance Manufacturing Co.*, 7 B. T. A. 583. In the former case it appeared that the petitioner filed its income and profits-tax return for 1917 on May 1, 1918. In March, 1923, an additional assessment for the year 1917 was made by the Commissioner. A claim for abatement was then filed which was rejected in part on March 9, 1925. On April 6, 1925, an appeal was taken to this Board and the Board held that the collection of any additional tax for the year 1917 was barred by the

statute of limitations and that consequently there was no deficiency. In the *Reliance Manufacturing Co.* case, *supra*, it appeared that the final return for 1918 was filed on June 16, 1919. A jeopardy assessment was made against the taxpayer in 1924, and on February 29, 1924, a claim for the abatement of the assessment was filed. On July 30, 1925, the claim for abatement was rejected in part and on August 6, 1925, a petition was filed with this Board. The Board held that the collection of the tax for the year 1918 was barred by the statute of limitations and, consequently, that there was no deficiency.

The only factor which would differentiate this case at all from the two Board cases above referred to is that on February 11, 1924, Lewis Emery, Jr., the decedent, and the Commissioner entered into a consent for a "determination, assessment, and collection" of the amount of income, excess-profits and war-profits taxes due for the year 1917, such consent to be in effect for one year from the date it was signed by the taxpayer. This consent had expired prior to the date when the Commissioner finally adjudicated the claim for abatement. It is, therefore, without effect so far as the present issue is concerned. Since the petitioner's case is in all material respects the same as those of the *Ocean Accident & Guarantee Corporation, Ltd.*, *supra*, and *Reliance Manufacturing Co.*, *supra*, it must be held that there is no deficiency for the year 1917.

> *Judgment of no deficiency will be entered for the petitioners so far as the year 1917 is concerned and judgment for the respondent will be entered for the admitted deficiency of $37,471.42 for the year 1920.*

Considered by LITTLETON, TRUSSELL, and LOVE.